UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **KEVIN NIEMEYER, individually and on behalf of all others similarly situated,** § § § | Docket No. _____ |
| **Plaintiff,** § § § | **JURY TRIAL DEMANDED** |
| vs. § § | |
| **WEATHERFORD INTERNATIONAL, LLC,** § § § | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |
| **Defendant.** § | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Plaintiff Kevin Niemeyer files this Original Collective Action Complaint against Defendant Weatherford International, LLC ("Weatherford" or "Defendant") to recover the unpaid overtime wages owed to Defendant's workers under the Fair Labor Standards Act ("FLSA"). As shown below, Weatherford misclassified Plaintiff and all similarly situated Directional Drillers nationwide as exempt from the FLSA overtime requirements and refused to pay Plaintiff and all other Directional Drillers one and one half times their regular rate of pay for all hours worked in excess of forty hours in a single workweek.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper under 28 U.S.C. § 1391 since a substantial part of the events giving rise to this claim occurred in this District and Division.

## PARTIES

4. Kevin Niemeyer was employed by Defendant during the relevant statutory time period as a day rate/salaried employee. Plaintiff regularly twelve or more hours a day, seven days a week without receiving any overtime pay for hours worked in excess of forty in a single workweek. His written consent is attached as Exhibit A.

5. Plaintiff brings this collective action on behalf of himself and all other similarly situated employees under the collective action provision of the FLSA. *See* 29 U.S.C. §216(b). Plaintiff seeks to represent the following class of Weatherford workers who were subjected to the same or similar pay practices that violate the FLSA:

**ALL CURRENT AND FORMER DIRECTIONAL DRILLERS EMPLOYED BY WEATHERFORD DURING THE PAST 3 YEARS.**

Plaintiff worked with many members of this Directional Driller class during his employment at Weatherford and has personal knowledge that all Directional Drillers were subjected to the same or similar pay practices. The exact number, names, addresses, phone numbers, and e-mail addresses of the Directional Driller Putative Class Members is easily ascertainable from Defendant's business and personnel records.

6. Weatherford International, LLC is a Delaware corporation doing business in Texas. It may be served through its registered agent: CT Corporation System, 1999 Bryant Street, Suite 900, Dallas, Texas 75201.

## COVERAGE UNDER THE FLSA

7. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

8. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

9. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

10. At all times hereinafter mentioned, Plaintiff was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

**FACTUAL ALLEGATIONS**

11. Weatherford is one of the largest oilfield services companies in the world. It offers customers a large variety of services and products. This lawsuit pertains to directional drilling services offered by Weatherford to drill unconventional or horizontal wells.

12. Weatherford's employees who assist in the operation of the directional drilling equipment are known as Directional Drillers.

13. Directional Drillers physically and manually operate the directional drilling equipment to drill unconventional and horizontal wells. Directional Drillers perform their duties in accordance with a well plan to which they must strictly adhere. The well plan provides the desired directional well path and targeted objectives of the drilling project. The well plan is created and provided by a consultant or oil and gas field's Operator. The Operator, along with the "Company Man" are responsible for the field's management and day to day operation.

14. Directional Drillers are responsible for the operation of their assigned directional drilling equipment.

15. Directional Drillers conduct their day to day activities within predetermined parameters while using equipment designed to ensure that the drill bit is pointed in the right direction. Their activities are routine and largely governed by standardized plans, procedures, guidelines and checklists created by Weatherford and Weatherford's clients. Indeed, every element of Directional Driller's jobs have been decided for them by Weatherford, the Operator, Weatherford's clients, or one of the many supervisors of Directional Drillers. Directional Drillers have little or no discretion to decide the manner, method or technique to use to reach pockets of oil and gas. They have little or no discretion to decide the tools to use at a job site, the data to compile, and schedules of work, or rates of pay. Directional Drillers are further prohibited from performing their job duties outside of the parameters of the predetermined well plan.

16. Directional Drillers are generally scheduled to work 84 hours per workweek, but often worked more. Instead of being paid by the hour, all of Defendant's Directional Drillers are paid a base salary plus a day rate. However, even though Directional Drillers often work in excess of forty-four hours of overtime a week, they aren't paid any overtime compensation. The controlling law makes it clear that the manual labor/technical duties performed by Directional Drillers constitute non-exempt and overtime eligible work. Accordingly, Weatherford owes unpaid overtime wages to hundreds of their Directional Drillers, all of whom work long hours each workweek without receiving proper compensation.

## COLLECTIVE ACTION ALLEGATIONS

17. All allegations described above related to Plaintiff and the Directional Driller class; therefore, Plaintiff brings this claim in accordance with the FLSA as a collective action. 29 U.S.C. § 216(b).

18. Plaintiff and the members of the Directional Driller class are similarly situated in all relevant respects. While their precise job duties might vary slightly, these differences are irrelevant for the purposes of determining their entitlement to overtime. Because Weatherford paid Plaintiff and its Directional Drillers a day rate/salary without overtime compensation, Plaintiff and the Directional Driller class is similarly situated within the meaning of 29 U.S.C. § 216(b).

19. Weatherford employed a substantial number of Directional Driller employees like Plaintiff in the United States during the past 3 years. These workers are geographically disbursed, residing and working in numerous oil rich states across the county. Because these workers do not have fixed work locations, these individuals may spend weeks or months in different and remote locations in the course of a given year.

20. Absent a collective action, many members of the Directional Driller class likely will not obtain notice of their rights or redress of their injuries which will only serve to allow Weatherford to retain the proceeds of its violations of the FLSA.

21. Furthermore, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

## FLSA VIOLATIONS AND CAUSES OF ACTION

22. During the relevant time period, Weatherford has violated, and is violating, the provisions of Section 7 of the FLSA, 29 U.S.C. § 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than one and one-half the regular rates for which they were employed.

23. Weatherford knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiff and all those similarly situated Directional Drillers their overtime compensation. The decision by Weatherford not to properly pay overtime compensation to their day rate/salaried employees was neither reasonable, nor in good faith. Accordingly, Plaintiff and all those similarly situated Directional Drillers are entitled to overtime wages under the FLSA in an amount equal to one and one-half times their regular rate of pay, plus liquidated damages, attorney's fees, and costs.

## JURY DEMAND

24. Plaintiff and the Directional Driller class demand a trial by jury.

## RELIEF SOUGHT

WHEREFORE, Plaintiff and the Directional Driller class pray for:

a. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the proposed Directional Driller Class to permit them to join this action by filing a written notice of consent;

b. A judgment against Weatherford awarding Plaintiff and the Directional Driller class all of their unpaid overtime compensation and an additional, equal amount, as liquidated damages;

c. An order awarding attorney fees, costs, and expenses;

d. Pre- and post-judgment interest at the highest applicable rates; and

e. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Andrew W. Dunlap*
    Michael A. Josephson
    Fed. Id. 27157
    State Bar No. 24014780
    mjosephson@fibichlaw.com
    Andrew Dunlap
    Fed Id. 1093163
    State Bar No. 24078444
    adunlap@fibichlaw.com
    Lindsay R. Itkin
    Fed Id. 1458866
    State Bar No. 24068647
    litkin@fibichlaw.com
    **FIBICH, LEEBRON, COPELAND BRIGGS & JOSEPHSON**
    1150 Bissonnet
    Houston, Texas 77005
    713-751-0025 – Telephone
    713-751-0030 – Facsimile

    **AND**

    Richard J. (Rex) Burch
    Fed. Id. 21615
    Texas Bar No. 24001807
    **BRUCKNER BURCH, P.L.L.C.**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**