UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **KEVIN NIEMEYER and RICHARD KELLER**, individually and on behalf of all others similarly situated, | § <br> § Docket No. 4:14-cv-03068 <br> § <br> § |
| Plaintiffs, | § **JURY TRIAL DEMANDED** <br> § |
| vs. | § <br> § **COLLECTIVE ACTION** |
| **WEATHERFORD INTERNATIONAL, LLC and PRECISION ENERGY SERVICES, INC.**, | § <br> § <br> § |
| Defendants. | |

## SECOND AMENDED COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Plaintiffs Kevin Niemeyer and Richard Keller file this Second Amended Collective Action Complaint ("FAC") against Defendants Weatherford International, LLC ("Weatherford") and Precision Energy Services, Inc. ("Precision") (together, "Defendants") to recover the unpaid overtime wages owed to Defendants' workers under the Fair Labor Standards Act ("FLSA"). This SAC is filed with the written consent of Defendants pursuant to FED. R. CIV. P. 15(a)(2), and it relates back to the date of the original pleading pursuant to FED. R. CIV. P. 15(c). As shown below, Defendants misclassified Plaintiffs and all similarly situated employees ("Field Operations Employees") nationwide as exempt from the FLSA overtime requirements and refused to pay Plaintiffs and all other Field Operations Employees one and one half times their regular rate of pay for all hours worked in excess of forty hours in a single workweek.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper under 28 U.S.C. § 1391 since a substantial part of the events giving rise to this claim occurred in this District and Division.

## PARTIES

4. Kevin Niemeyer was employed by Defendants during the relevant statutory time period as a salary plus day rate Field Operations Employee. Plaintiff Niemeyer regularly worked twelve or more hours a day, seven days a week without receiving any overtime pay for hours worked in excess of forty in a single workweek. His previously filed written consent is attached as Exhibit A.

5. Richard Keller was employed by Defendants during the relevant statutory time period as a salary plus day rate Field Operations Employee. Plaintiff Keller regularly worked twelve or more hours a day, seven days a week without receiving any overtime pay for hours worked in excess of forty in a single workweek. His previously filed written consent is attached as Exhibit B.

6. Plaintiffs this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b) as a collective action. Plaintiffs seek to represent the following class of Weatherford workers who were subjected to the same or similar pay practices that violate the FLSA:

> **CURRENT AND FORMER FIELD OPERATIONS EMPLOYEES EMPLOYED BY WEATHERFORD AND/OR PRECISION WHO WERE PAID ON A SALARY PLUS DAY RATE BASIS FROM THE EARLIER OF THREE YEARS BEFORE THEIR CONSENT WAS FILED OR APRIL 1, 2013 TO THE PRESENT(the "FLSA CLASS").**

7. Plaintiffs worked with many members of the FLSA Class during their employment with Defendants and have personal knowledge that all Field Operations Employees were subjected to the same or similar pay practices. The exact number, names, addresses, phone numbers, and e-mail

addresses of the FLSA Class Members is easily ascertainable from Defendants' business and personnel records.

8. Defendant Weatherford International, LLC ("Weatherford") is a Delaware corporation doing business in Texas. It may be served through its registered agent: CT Corporation System, 1999 Bryant Street, Suite 900, Dallas, Texas 75201.

9. Defendant Precision Energy Services, Inc. ("Precision") is a wholly owned subsidiary of Weatherford International, Ltd. Precision Energy Services, Inc. was incorporated in Delaware and maintains its headquarters in Houston, Texas.

## COVERAGE UNDER THE FLSA

10. At all times hereinafter mentioned, Defendants have been employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. At all times hereinafter mentioned, Defendants have been enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. At all times hereinafter mentioned, Defendants have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that those enterprises have had and continue to have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13. At all times hereinafter mentioned, Defendants were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

**FACTUAL ALLEGATIONS**

14. Weatherford is one of the largest oilfield services companies in the world. It offers customers a large variety of services and products. This lawsuit pertains to directional drilling services offered by Weatherford and Precision to drill unconventional or horizontal wells.

15. Defendants' employees who assist in the operation of oil and gas rig equipment are known as Field Operations Employees.

16. Field Operations Employees physically and manually operate the oil and gas rig equipment to drill unconventional and horizontal wells. Field Operations Employees are responsible for the operation of their assigned equipment.

17. Field Operations Employees conduct their day to day activities within predetermined parameters set by Defendants. Their activities are routine and largely governed by standardized plans, procedures, guidelines and checklists created by Defendants and Defendants' clients. Indeed, every element of the Field Operations Employees' jobs have been decided for them by Defendants, Defendants' clients, or one of the many supervisors of the Field Operations Employees. Field Operations Employees have little or no discretion to decide the manner, method or technique to use to reach pockets of oil and gas. They have little or no discretion to decide the tools to use at a job site, the data to compile, and schedules of work, or rates of pay. Field Operations Employees are further prohibited from performing their job duties outside of the parameters of the predetermined well plan.

18. Field Operations Employees are generally scheduled to work 84 hours per workweek, but often work more. Instead of being paid by the hour, all of Defendants' Field Operations Employees are paid a base salary plus a day rate or job bonus. However, even though Field Operations Employees often work in excess of forty-four hours of overtime a week, they aren't paid any overtime compensation. The controlling law makes it clear that the manual labor/technical duties performed by Field Operations Employees constitute non-exempt and overtime eligible work. Accordingly,

Defendants owe unpaid overtime wages to hundreds of their Field Operations Employees, all of whom work long hours each workweek without receiving proper compensation.

## COLLECTIVE ACTION ALLEGATIONS

19. All allegations described above related to Plaintiffs and the FLSA Class; therefore, Plaintiffs bring this claim in accordance with the FLSA as a collective action. 29 U.S.C. § 216(b).

20. Plaintiffs and the members of the FLSA Class are similarly situated in all relevant respects. While their precise job duties might vary slightly, these differences are irrelevant for the purposes of determining their entitlement to overtime. Because Defendants paid Plaintiffs and its Field Operations Employees on a salary plus day rate basis without overtime compensation, Plaintiffs and the FLSA Class is similarly situated within the meaning of 29 U.S.C. § 216(b).

21. Defendants employed a substantial number of Field Worker employees like Plaintiffs in the United States during the past 3 years. These workers are geographically disbursed, residing and working in numerous oil rich states across the county. Because these workers do not have fixed work locations, these individuals may spend weeks or months in different and remote locations in the course of a given year.

22. Absent a collective action, many members of the FLSA Class likely will not obtain notice of their rights or redress of their injuries which will only serve to allow Defendants to retain the proceeds of its violations of the FLSA.

23. Furthermore, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

## COUNT I
## VIOLATION OF THE FLSA
## (On Behalf of the FLSA Class)

24.     During the relevant time period, Defendants have violated, and continue to violate, the provisions of Section 7 of the FLSA, 29 U.S.C. § 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than one and one-half the regular rates for which they were employed.

25.     Defendants knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiffs and the FLSA Class their overtime compensation. The decision by Defendants not to properly pay overtime compensation to their day rate/salaried employees was neither reasonable, nor in good faith. Accordingly, Plaintiffs and the FLSA Class are entitled to overtime wages under the FLSA in an amount equal to one and one-half times their regular rate of pay, plus liquidated damages, attorney's fees, and costs.

### JURY DEMAND

26.     Plaintiffs and the FLSA Class demand a trial by jury.

### RELIEF SOUGHT

WHEREFORE, Plaintiffs and the FLSA Class pray for:

    a. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the proposed FLSA Class to permit them to join this action by filing a written notice of consent;

    b. Back pay damages (including unpaid overtime compensation, unpaid spread of hours payments, and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

- 7 -

    c. Liquidated damages to the fullest extent permitted under the law;

    d. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

    e. Such other and further relief as this Court deems just and proper.

- 8 -

Dated: May 17, 2016        Respectfully submitted,

               By:   */s/ Michael A. Josephson*
                  Michael A. Josephson
                  Fed. Id. 27157
                  State Bar No. 24014780
                  mjosephson@fibichlaw.com
                  **FIBICH, LEEBRON, COPELAND**
                  **BRIGGS & JOSEPHSON**
                  1150 Bissonnet
                  Houston, Texas 77005
                  713-751-0025 – Telephone
                  713-751-0030 – Facsimile

                  **AND**

                  Shanon J. Carson
                  Fed. Id. 2330781
                  Sarah R. Schalman-Bergen
                  Fed. Id. 2330780
                  Alexandra K. Piazza
                  Fed. Id. 2330782
                  **BERGER & MONTAGUE, P.C.**
                  1622 Locust Street
                  Philadelphia, PA 19103
                  Telephone: (215) 875-3000
                  Facsimile: (215) 875-4604
                  Email: scarson@bm.net
                  sschalman-bergen@bm.net
                  apiazza@bm.net

                  **AND**

                  Richard J. (Rex) Burch
                  Fed. Id. 21615
                  Texas Bar No. 24001807
                  **BRUCKNER BURCH, P.L.L.C.**
                  8 Greenway Plaza, Suite 1500
                  Houston, Texas 77046
                  713-877-8788 – Telephone
                  713-877-8065 – Facsimile
                  rburch@brucknerburch.com

                  **ATTORNEYS IN CHARGE FOR**
                  **PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served by ECF electronic filing on all known parties on this the 17th day of May, 2016.

*/s/ Michael A Josephson*
Michael A. Josephson

**EXHIBIT A**

## NOTICE OF CONSENT

I consent to be a party plaintiff in this action and, if necessary, a subsequent action, to recover any unpaid wages owed to me by __Weatherford__

*Kevin Niemeyer*
Kevin Niemeyer (Jun 21, 2014)
_____
Signature

Kevin Niemeyer
_____
Full Legal Name (print)

**EXHIBIT B**

## OPT-IN CONSENT FORM

Weatherford International, LLC et al. – Unpaid Wages and Overtime Litigation

**Complete And Mail (or Email) To:**
WEATHERFORD INTERNATIONAL OVERTIME LITIGATION
ATTN: ALEXANDRA L. KOROPEY
BERGER & MONTAGUE, P.C.
1622 LOCUST STREET
PHILADELPHIA, PA 19103
Email: akoropey@bm.net
Phone: (215) 875-3063
Fax: (215) 875-4604

Name: _Richard Keller_ (Please Print)

## CONSENT TO JOIN COLLECTIVE ACTION

**Pursuant to Fair Labor Standards Act, 29 U.S.C. § 216(b)**

1. I consent and agree to pursue my claims arising out of alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. in connection with the above-referenced lawsuit.

2. I have worked for Defendants Weatherford International, LLC f/k/a Weatherford International, Inc. and/or Precision Energy Services, Inc. ("Defendants") in (location(s)) _Bentlyville, PA_ from on or about (dates(s)) _11/2011_ to on or about (dates(s)) _3/2013_ and was paid on a salary plus "day rate" (or "field bonus") basis.

3. I have worked for Defendants in excess of 40 hours in at least one workweek.

4. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound by any judgment of the Court or any settlement of this action.

5. I specifically authorize the Named Plaintiff and his attorneys, Berger & Montague, P.C. and Hardin & Hughes, LLP as my agents to prosecute this lawsuit on my behalf and to negotiate a settlement of any and all claims I have against the Defendants in this litigation.

_10/02/2014_ (Date Signed)     _____ (Signature)

**\*\*IMPORTANT NOTE\*\***
**Statute of Limitations concerns mandate that you return this form as soon as possible to preserve your rights.**